IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **DEEPAK KAPOOR & COMPANY,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DKC KNITS LLC** | ) | **5:16-CV-419 (GTS/ATB)** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BUFFALO INTERNATIONAL ULC,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **J.C. PENNEY COMPANY, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT BUFFALO INTERNATIONAL ULC'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Buffalo International ULC ("Buffalo"), by its attorneys, for its Answer and

Affirmative Defenses, states as follows:

**COMPLAINT**

The introductory statement speaks for itself.  To the extent that it, or any section headings

in the Complaint, contains allegations, Buffalo denies same.

**NATURE OF THE CASE**

1.      Paragraph 1 speaks for itself.  To the extent paragraph 1 contains allegations,

Buffalo denies same.

2.      Buffalo is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 2 of the Complaint and, therefore, denies same.

1

3.      Buffalo admits that the Complaint requests damages and an injunction.  However, Buffalo denies the allegations contained in paragraph 3 and further denies that Plaintiffs are entitled to any relief.

## PARTIES

4.      Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies same.

5.      Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies same.

6.      Denied.

7.      Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, denies same.

## JURISDICTION AND VENUE

8.      Buffalo admits that this Court has federal question jurisdiction and diversity jurisdiction over the pending dispute as it relates to Buffalo.

9.      Denied.

10.      Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies same.

11.      Denied.

12.      Denied.

## DKC AND ITS VALUABLE DESIGNS

13.      Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, therefore, denies same.

14.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, therefore, denies same.

15.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, therefore, denies same.

16.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, therefore, denies same.

### DKC'S PROVISION OF ITS 1934 AND 2098 DESIGNS TO BUFFALO

17.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, therefore, denies same.

18.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, therefore, denies same.

19.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies same.

**Communications Between DKC and Buffalo Regarding the 1934 Design**

20.     Buffalo denies that it represented to DKC that an order for 50,000 garments was forthcoming.  Buffalo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and, therefore, denies same.

21.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and, therefore, denies same.

22.     Buffalo admits that DKC sent Buffalo an email on February 17, 2015, which read, in part, "The Order of Style Layne IJM 1543 has been transferred to another vendor due to high pricing, which we understand."  Buffalo is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and, therefore, denies same.

23.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, therefore, denies same.

24.     Denied.

**Communications between DKC and Buffalo Regarding the 2098 Design**

25.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and, therefore, denies same.

26.     Denied.

27.     Denied.

28.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and, therefore, denies same.

## DEFENDANTS' UNLAWFUL ACTS

29.     Denied.

30.     Denied.

31.     Denied.

32.     Buffalo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies same.

33.     Denied.

34.     Denied.

## INJURY TO DKC

35.     Denied.

36.     Denied.

## AS AND FOR A FIRST CAUSE OF ACTION

### Direct Willful Copyright Infringement (Reproduction) Against Buffalo

37.     Buffalo repeats and responds to paragraph 37 by incorporating its specific responses to the allegations set forth in the Complaint.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

## AS AND FOR A SECOND CAUSE OF ACTION

### Direct Willful Copyright Infringement (Public Distribution) Against Buffalo and J.C. Penney

44.     Buffalo repeats and responds to paragraph 44 by incorporating its specific responses to the allegations set forth in the Complaint.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

## AS AND FOR A THIRD CAUSE OF ACTION

### Direct Willful Copyright Infringement (Public Display)
### Against Buffalo and J.C. Penney

51.     Buffalo repeats and responds to paragraph 51 by incorporating its specific

responses to the allegations set forth in the Complaint.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

### JURY DEMAND

The jury demand speaks for itself.

### PRAYER FOR RELIEF

Buffalo denies that Plaintiffs are entitled to any relief.  Accordingly, Buffalo respectfully
requests that Plaintiff's Prayer for Relief be denied in its entirety.

### AFFIRMATIVE DEFENSES

Buffalo asserts the following affirmative defenses in addition to the denials set forth

above.  Buffalo reserves the right to amend, modify, or expand these defenses as discovery

proceeds.

### First Affirmative Defense: Joint Authorship

Buffalo pleads affirmatively that Plaintiffs' claims are barred because Buffalo is a joint

author and claimant of the works in question.

6

### Second Affirmative Defense: Waiver

Buffalo pleads affirmatively that Plaintiffs' claims are barred by the doctrine of waiver.

### Third Affirmative Defense: Estoppel

Buffalo pleads affirmatively that Plaintiffs' claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense: Acquiescence

Buffalo pleads affirmatively that Plaintiffs' claims are barred by the doctrine of acquiescence.

### Fifth Affirmative Defense: Unclean Hands

Buffalo pleads affirmatively that Plaintiffs' claims are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense: Accord and Satisfaction

Buffalo pleads affirmatively that Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### Seventh Affirmative Defense: Laches

Buffalo pleads affirmatively that Plaintiffs' claims are barred by the doctrine of laches.

### Eighth Affirmative Defense: Copyright Misuse

Buffalo pleads affirmatively that Plaintiffs' claims are barred by the doctrine of copyright misuse.

### Ninth Affirmative Defense: Fair Use

Buffalo pleads affirmatively that Plaintiffs' claims are barred by the doctrine of copyright fair use.

**Tenth Affirmative Defense: Invalidity**

Buffalo pleads affirmatively that Plaintiffs' claims are barred because their copyrights and copyright registrations are invalid.

**Eleventh Affirmative Defense: Failure to State a Claim**

Plaintiffs' have failed to state claims upon which relief may be granted.

**Twelfth Affirmative Defense: License**

Buffalo pleads affirmatively that Plaintiffs' claims are barred because Plaintiffs expressly or by implication licensed the alleged designs to Buffalo.

**Thirteenth Affirmative Defense: Failure to Mitigate Damages**

To the extent Plaintiffs suffered any damage, which Buffalo denies, Plaintiffs failed to take steps necessary to mitigate the damages sustained.

**Fourteenth Affirmative Defense: Lack of Jurisdiction and Improper Venue**

Buffalo pleads affirmatively that Plaintiffs' claims are barred because this Court lacks general personal jurisdiction and specific personal jurisdiction over Buffalo, and because this venue is improper.

**Fifteenth Affirmative Defense: Lack of Original Authorship**

Buffalo pleads affirmatively that Plaintiffs' claims are barred the works alleged to have been infringed lack sufficient original authorship to receive copyright protection in the United States.

8

Dated:  Albany, New York
        June 24, 2016                    PHILLIPS LYTLE LLP

                                         By ___S/Marc H. Goldberg_____
                                                Marc H. Goldberg (101803)
                                         Attorneys for Defendant Buffalo
                                         Omni Plaza
                                         30 South Pearl Street
                                         Albany, New York 12207
                                         Telephone: (518) 472-1224
                                         Facsimile:  (518) 472-1227
                                         mgoldberg@phillipslytle.com


Petition for Admission Pro Hac Vice Pending:

Gregory F. Ahrens (0038627)
Sean K. Owens (0084706)
441 Vine Street
2700 Carew Tower
Cincinnati, OH  45202
Telephone:  (513) 241-2324
Facsimile:  (513) 241-6234
gahrens@whe-law.com
sowens@whe-law.com

Doc #06-106660.1

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 24, 2016, I caused the Buffalo International ULC's Answer to be electronically filed with the Clerk of the District Court using the CM/ECF system, which, upon information and belief, sent notification of such filing to the following:

William S. Nolan, Esq.
Whiteman Osterman & Hanna LLP
One Commerce Plaza
Albany, New York 12260

S/Emily Franzen
Emily Franzen